

FILED
OCT 15 2013

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| MICHELLE BRENNER, individually and as Personal Representative of the Estate of Tessa Brenner, | * * * * | CIV 13-0005-RAL |
| Plaintiffs, | * * | |
| vs. | * * | OPINION AND ORDER GRANTING MOTION TO |
| CODY LEE BENDIGO, | * * | DISMISS |
| Defendant. | * * | |
| CHEYENNE RIVER SIOUX TRIBE, BUREAU OF INDIAN AFFAIRS, CHEYENNE RIVER AGENCY, LARRY BENDIGO, BEAU BENDIGO, DONNA BENDIGO, and BENDIGO RANCH, | * * * * * * * | |
| Garnishees. | | |

Plaintiff Michelle Brenner ("Brenner") filed an Affidavit for Garnishment ("the Affidavit"), Doc. 6, seeking to enforce a tribal court judgment in federal district court pursuant to a state garnishment statute. Doc. 6. Garnishees Beau Bendigo, Larry Bendigo, and Bendigo Ranch filed a Motion to Dismiss, Doc. 8, arguing that this Court lacks subject matter and personal jurisdiction to enforce the tribal court judgment, that the Affidavit fails to state a claim upon which relief can be granted, and that Brenner has not complied with South Dakota Codified Law ("SDCL") 21-18-9. For the reasons stated below, Defendants' Motion to Dismiss is granted.

I. **FACTS**

In 2003, Cody Lee Bendigo was convicted in this Court before the Honorable Richard H. Battey of second-degree murder in the killing of Brenner's daughter, Tessa Brenner. Doc. 9;

United States v. Cody Bendigo, CR. 03-30028-RHB, Docs. 83, 85 (jury instructions and verdict form finding Cody Bendigo guilty of the second-degree murder of Tessa Brenner). Following the conviction of Cody Bendigo, Brenner brought a wrongful death action against Cody Bendigo in Cheyenne River Sioux Tribal Court. Doc. 9; Doc. 1-1. In an Order on Damages dated December 20, 2006, the Honorable Patrick Lee of the Cheyenne River Sioux Tribal Court awarded Brenner a $3,000,000.00 judgment against Cody Bendigo. Doc. 1-1.

On April 5, 2013, Brenner filed her Affidavit for a Writ of Garnishment, Doc. 6, in this Court. She named Cody Lee Bendigo as Defendant and the Cheyenne River Sioux Tribe, Bureau of Indian Affairs, Cheyenne River Agency, Larry Bendigo, Beau Bendigo, Donna Bendigo, and Bendigo Ranch as Garnishees. None of the Garnishees were parties to the suit which gave rise to the tribal court judgment.

Brenner's Affidavit is brought pursuant to SDCL Chapter 21-18. Doc. 6 at 1. Her Affidavit states that the Garnishees

> jointly and severally are indebted to or have money, property, real or personal, tangible or intangible in possession or under their/its control, belonging to said Defendant and said Defendant has not sufficient property within this state or other property subject to garnishment under SDCL 21-18 to satisfy the demand of the Plaintiff . . . .

Doc. 6 at 1. To satisfy the judgment Brenner first seeks to "garnish and execute upon Indian Trust land Cody Bendigo has the right to occupy, that is to extinguish his right of occupancy . . . and or repeal" possible fraudulent transfers made to avoid satisfaction of the judgment. Doc. 9 at 1. Second, Brenner seeks to use this garnishment action either to set aside purported fraudulent transfers of cattle and ranching equipment from Cody Bendigo to Beau Bendigo, or to discover evidence of fraudulent transfers and obtain a judgment against Beau Bendigo. Doc.

9 at 1-2. Third, Brenner seeks to "ascertain what funds or land were transferred to Bendigo Ranch or to Larry Bendigo or to Donna Bendigo" so she may "obtain judgment against those garnishees in lieu of the return of those assets and repeal any transfers made to them and or to obtain judgment against them and execute upon any property owned by them." Doc. 9 at 2. It does not appear that Brenner has sought first to enforce this judgment in the Cheyenne River Sioux Tribal Court before attempting the collection proceeding before this Court.

Beau Bendigo is an enrolled member of the Cheyenne River Sioux Tribe who lives with his father, Larry Bendigo, on tribal trust land within the boundaries of the Cheyenne River Indian Reservation. Doc. 8-2. Beau Bendigo's ranch, called Bendigo Ranch, and ranching equipment are on tribal trust land that he leases from the Cheyenne River Sioux Tribe and the United States Bureau of Indian Affairs and sit within the confines of the Cheyenne River Indian Reservation. Doc. 8-2. Thus, it appears that all the property that Brenner seeks to execute upon is either tribal trust land held in trust by the Bureau of Indian Affairs for the Cheyenne River Sioux Tribe or assets located on tribal trust property within the Cheyenne River Indian Reservation.

## II. DISCUSSION

Defendants Beau Bendigo, Larry Bendigo, and Bendigo Ranch ("Defendants") have moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) for lack of personal and subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Doc. 8.

### A. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Brenner does not argue that this Court has diversity of citizenship jurisdiction, Doc. 9,[1] and there is no basis for supplemental or ancillary jurisdiction.[2] Brenner however contends that this Court has federal question jurisdiction based on the particular facts of this case. Doc. 9 at 2. Brenner argues that because only federal authorities may terminate an Indian's right of occupancy and she is seeking through this suit to terminate Cody Bendigo's right of occupancy in certain reservation-based land, then the "bare facts [of this case] . . . establish federal question jurisdiction." Doc. 9 at 2. The Garnishees counter that there is no federal question jurisdiction because Brenner's claim is based on a state statute and does not arise under the Constitution or any federal statute. Doc. 9; Doc. 10.

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a suit when the court lacks subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). District courts "possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." Id. (internal citations omitted). "'[I]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" Dakota, Minnesota & E. R.R. Corp. v. Schieffer, 715 F.3d 712 (8th Cir. 2013)

---

[1] Federal courts may have jurisdiction over a garnishment proceeding brought pursuant to a state statute if there is diversity jurisdiction under 28 U.S.C. § 1332. See Monroe v. Roedder, 583 F. Supp. 2d 1031, 1034 (E.D. Mo. 2008).

[2] Federal courts may have ancillary or supplemental jurisdiction over a garnishment proceeding brought pursuant to a state statute when that proceeding is "ancillary to an original case or proceeding in that same court" and is "necessary to secure or preserve" a judgment entered by that court. Sandlin v. Corporate Interiors Inc., 972 F.2d 1212, 1216 (10th Cir. 1992). Here, ancillary jurisdiction is not proper because this Court did not preside over the original case giving rise to the judgment nor did it enter the judgment that Brenner seeks to execute upon; the Cheyenne River Sioux Tribal Court heard the case and awarded the judgment.

(quoting Kokkonen, 511 U.S. at 377). The district court may dismiss a complaint for lack of subject matter jurisdiction under a Rule 12(b)(1) facial challenge when the complaint on its face fails to allege an element necessary for subject matter jurisdiction even with all factual allegations in the complaint presumed to be true. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

Federal district courts have original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "[W]hether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986).

This is an original garnishment action brought in federal court pursuant to a state statute to enforce a tribal court judgment. Doc. 6. An action for a writ of garnishment filed in federal district court as an independent action does not arise under federal law; it arises under state law. See Berry v. McLemore, 795 F.2d 452, 456 (5th Cir. 1986) ("First, subject matter jurisdiction as defined in 28 U.S.C. § 1331, does not exist, because an action for a writ of garnishment arises from state law, not federal law."). Even when taking all the facts pleaded in the Affidavit as true, this action does not arise under federal law and federal question jurisdiction is not proper.

Brenner relies on Oneida Indian Nation of New York State v. Oneida County, New York, 414 U.S. 661 (1974), for her argument that federal question jurisdiction is proper based on the facts of this case. In Oneida, the Oneida Indian Nation of New York State and the Oneida Indian Nation of Wisconsin sued Oneida and Madison Counties of New York in federal court alleging that those counties violated the Oneida Nation's federally recognized aboriginal right of occupancy, certain treaties executed between the Oneida Nation and the United States, and a

federal statute. Id. at 663-65. The Supreme Court of the United States held that each of these allegations—an alleged violation of the tribe's aboriginal right of occupancy, alleged treaty violations, and alleged Nonintercourse Act, 25 U.S.C. § 177, violations—raised a federal question. Id. at 676-78.

Here, there is no basis for federal question jurisdiction as there was in Oneida. Brenner is not arguing that she has any inherent right of occupancy to this Indian trust land and her Affidavit is not based on treaties or a federal statute. She is suing under a South Dakota state garnishment statute, and such a suit does not arise under federal law.

Further, a state garnishment statute should not be used to garnish reservation-based property in these circumstances. A federally-recognized Indian tribe is a sovereign nation separate from the state, Bradley v. Deloria, 587 N.W.2d 591, 593 (S.D. 1998), and state jurisdiction generally does not extend to Indians on reservations and Indian lands because doing so would "undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves," Williams v. Lee, 358 U.S. 217, 223 (1959). "It is well established that 'state officials have no jurisdiction on Indian reservations either to serve process on an enrolled Indian or to enforce a state judgment.'" Bradley, 587 N.W.2d at 593 (quoting Annis v. Dewey Cnty. Bank, 335 F. Supp. 2d 133, 136 (D.S.D. 1971)).

In Joe v. Marcum, 621 F.2d 358 (10th Cir. 1980), the United States Court of Appeals for the Tenth Circuit held that a New Mexico state court lacked jurisdiction to enforce a state court judgment entered pursuant to an off-reservation transaction by garnishing the wages of the Indian-debtor who lived on the Navajo Reservation and was paid by a reservation-based business. Id. at 360-61. The Tenth Circuit held that New Mexico lacked jurisdiction in Indian

country, the Navajo Nation is a sovereign entity with its own court system, and permitting a state court to garnish on-reservation property to satisfy a state court judgment would "overlook[] the central and dominant factor" of preventing impingement upon the Navajo's tribal sovereignty by a state garnishment action. Id. at 361-62. Similarly, this Court previously has enjoined South Dakota state officials from enforcing a state court judgment against an Indian resident of the Cheyenne River Indian Reservation by using state authority to attach that Indian's Reservation-based property because South Dakota has "no jurisdiction over a cause of action arising within Indian Country involving an enrolled Indian." Annis, 335 F. Supp. 2d at 134-36.

Here, the Affidavit, apart from failing to state a federal question, attempts to have this Court enforce a state statute in Indian Country to enforce a tribal court judgment. A South Dakota state garnishment statute has no application in Indian Country in these circumstances. Simply put, a South Dakota garnishment statute does not apply to American Indian property rights in Indian country, and a garnishment Affidavit filed in federal court does not thereby make the state statute apply through this Court.

The tribal court judgment that Michelle Brenner seeks to execute upon arose from terribly sad on-reservation crime—the second degree murder of Tessa Brenner by Cody Bendigo. Tessa Brenner's mother, Michelle, obtained a judgment from the Cheyenne River Sioux Tribe Tribal Court. The enforcement of that judgment against Reservation-based property appears not to lie in this Court, at least when the garnishment proceeding, which is "purely statutory," is brought pursuant to a South Dakota state statute. See Farmers Trust & Sav. Bank v. Bannworth, 289 N.W. 423, 424 (1939). The proper venue to enforce the Tribal Court judgment against tribal members is in the Tribal Court which issued it. While jurisdiction against the federal agency

defendant—the United States Department of the Interior, Bureau of Indian Affairs (the "BIA")—might lie in this Court, the garnishment Affidavit does not invoke a federal statute involving the BIA but a South Dakota statute and leaves unclear why the BIA is named in this proceeding.

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Brenner's Affidavit for Garnishment is subject to dismissal in its entirety, even though only three Garnishees have moved for dismissal.

### B. Personal Jurisdiction, Failure to State a Claim, and Failure to Comply with SDCL § 21-18-9.

Because this Court lacks subject matter jurisdiction, it need not address whether the Affidavit is subject to dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) and for failure to comply with SDCL § 21-18-9 as well.

### III. CONCLUSION

For the reasons contained herein, it is hereby

ORDERED that Defendant's Motion to Dismiss, Doc. 8, is granted. It is further

ORDERED that Plaintiff's Affidavit for Garnishment, Doc. 6, is dismissed.

Dated October 15th, 2013.

BY THE COURT:

*[signature]*

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

8